LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LANCE MCCLAIN; and JEANNE BARRAGAN, in each case individually and as successor in interest to Thomas McClain, deceased,

Plaintiffs,

vs.

CITY OF EUREKA; CITY OF EUREKA POLICE DEPARTMENT OFFICER STEPHEN LINFOOT; and DOES 1-10, inclusive,

Defendants.

Case No. 3:15-cv-02070

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. Municipal and Supervisory Liability (42 U.S.C. § 1983)
6. False Arrest/False Imprisonment
7. Battery (wrongful death)
8. Negligence (wrongful death)
9. Violation of Cal. Civil Code 52.1

**DEMAND FOR JURY TRIAL**

# FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Lance McClain and Jeanne Barragan, in each case individually and as a successor in interest to Thomas McClain, deceased, for their Complaint against Defendants City of Eureka; Stephen Linfoot; and DOES 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' son, Thomas McClain ("DECEDENT"), on September 17, 2014.

## PARTIES

4. At all relevant times, Decedent Thomas McClain was an individual residing in the City of Eureka, California.

5. Plaintiff LANCE MCCLAIN ("MCCLAIN") is an individual residing in the City of Madera, California, and is the natural father of DECEDENT. MCCLAIN sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. MCCLAIN seeks both survival and wrongful death damages under federal and state law.

6. Plaintiff JEANNE BARRAGAN ("BARRAGAN") is an individual residing in the City of Fresno, California and is the natural mother of DECEDENT. BARRAGAN sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. BARRAGAN seeks both survival and wrongful death damages under federal and state law.

7. At all relevant times, Defendant CITY OF EUREKA ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Eureka Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants STEPHEN LINFOOT ("LINFOOT") and DOES 1-10.

8. At all relevant times, Defendants STEPHEN LINFOOT ("LINFOOT") and DOES 1-5 ("DOE OFFICERS") were police officers for the Eureka Police Department. LINFOOT and DOE OFFICERS were acting under color of law within the course and scope of their duties as police officers for the Eureka Police Department. LINFOOT and DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9. Defendants DOES 6-8 are supervisory officers for the Eureka Police Department who were acting under color of law within the course and scope of their duties as police officers for the Eureka Police Department. DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

10. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the Eureka Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Eureka Police Department. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11. On information and belief, LINFOOT and DOES 1-10 were residents of the City of Eureka, California.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants LINFOOT and DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 6-10.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants LINFOOT and DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

14. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15. LINFOOT and DOES 1-10 are sued in their individual capacity.

16. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

18. On February 23, 2015, Plaintiffs filed comprehensive and timely claims for damages with the City of Eureka pursuant to applicable sections of the California Government Code.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. On September 17, 2014, at approximately 12:30 a.m., Defendant LINFOOT, an on-duty police officer working for the City of Eureka Police Department, unjustly shot and killed DECEDENT, thereby using excessive force against him. The shooting occurred in DECEDENT's front yard at 1620 Allard Ave., Apt. B, in the City of Eureka and County of Humboldt. During the course of the incident, Defendant LINFOOT and DOE OFFICERS improperly detained DECEDENT and arrested him. At the time of the shooting, DECEDENT had his hands up and did not pose an immediate risk of death or serious bodily injury to any person.

21. After being shot multiple times by LINFOOT, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency

medical care and treatment. Defendants LINFOOT and DOE OFFICERS did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

22. The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

23. Plaintiff BARRAGAN is DECEDENT's successor-in-interest as defined in Section 377.11 and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

24. Plaintiff MCCLAIN is DECEDENT's successor-in-interest as defined in Section 377.11 and succeeds to DECEDENT's interest in this action as the natural father of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants LINFOOT and DOE OFFICERS)

25. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. Defendants LINFOOT and DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

27. When Defendants LINFOOT and DOE OFFICERS pointed guns at DECEDENT, shot DECEDENT, and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and

seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. The conduct of Defendants LINFOOT and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants LINFOOT and DOE OFFICERS.

29. As a result of their misconduct, Defendants LINFOOT and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

30. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendant LINFOOT)

31. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32. Defendant LINFOOT's unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

34. The conduct of Defendant LINFOOT was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant LINFOOT.

35. The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendant LINFOOT's shooting and use of force violated his training and standard police training.

36. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants LINFOOT and DOE OFFICERS)

37. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. The denial of medical care by Defendants LINFOOT and DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

40. Defendants LINFOOT and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

41. The conduct of LINFOOT and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants LINFOOT and DOE OFFICERS.

42. As a result of their misconduct, Defendants LINFOOT and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

43. Plaintiffs bring this claim as a successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## FOURTH CLAIM FOR RELIEF

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(Against Defendants LINFOOT and DOE OFFICERS)

44. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. Plaintiffs BARRAGAN and MCCLAIN each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to

unwarranted state interference in Plaintiffs' familial relationship with their son, DECEDENT.

46. The aforementioned actions of LINFOOT and DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

47. LINFOOT and DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

48. As a direct and proximate cause of the acts of LINFOOT and DOE OFFICERS, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, guidance society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

49. The conduct of LINFOOT and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants LINFOOT and DOE OFFICERS.

50. Plaintiffs seek wrongful death damages under this claim in their individual capacities.

51. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## FIFTH CLAIM FOR RELIEF

**Municipal and Supervisory Liability (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

52. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53. On information and belief, Defendants LINFOOT and DOE OFFICERS' unjustified conduct and shooting of DECEDENT was found to be within Eureka Police Department policy by DOES 6-10.

54. On information and belief, Defendants LINFOOT and DOE OFFICERS' unjustified conduct and shooting of DECEDENT was ratified by Eureka Police Department supervisorial officers, DOES 6-10.

55. On information and belief, Defendants LINFOOT and DOE OFFICERS were not disciplined for the unjustified conduct and shooting DECEDENT.

56. On and for some time prior to September 12, 2013 (and continuing to the present date), Defendants CITY and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including LINFOOT and DOE OFFICERS, whom Defendants CITY and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Eureka Police Department policies and constitutional mandates regarding unreasonable seizures;

(b) Condoning and fostering unreasonable seizures by inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel, including LINFOOT and DOE OFFICERS, whom Defendants CITY and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits,

including the propensity for violence and the use of excessive force that shocks the conscience;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants LINFOOT and DOE OFFICERS, who are police officers and/or agents of CITY;

(d) Failing to discipline CITY police officers' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e) Ratifying the intentional misconduct of LINFOOT and DOE OFFICERS and other police officers and/ or agents, who are police officers and/or agents of CITY;

(f) Having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants CITY and DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights; and

(g) Failing to properly investigate claims of unlawful detention and excessive force by CITY police officers.

57. By reason of the aforementioned policies and practices of Defendants CITY and DOES 6-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life, and Plaintiffs suffered serious injuries and other harm.

58. Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge

of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

59. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

60. As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs, and practices of Defendant CITY, defendants LINFOOT and DOE OFFICERS directly participated in the wrongful conduct alleged in the factual allegations of this Complaint, or were integral participants in the wrongful conduct.

61. As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of Defendant CITY, DECEDENT suffered intense physical and emotional pain, anguish, distress, and despair before his death, and was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

62. The actions of each of Defendants DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 6-10.

63. Plaintiffs seek wrongful death damages under this claim in their individual capacities. Plaintiffs also seek survival damages under this claim as successors-in-interest to DECEDENT. Plaintiffs also see attorney's fees.

## SIXTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment**

(Against Defendants CITY, LINFOOT, and DOE OFFICERS)

64. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65. Defendants LINFOOT and DOE OFFICERS, while working as police officers for the Eureka Police Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. LINFOOT and DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

66. DECEDENT did not knowingly or voluntarily consent.

67. Defendants LINFOOT and DOE OFFICERS detained DECEDENT for an appreciable amount of time.

68. The conduct of LINFOOT and DOE OFFICERS was a substantial factor in causing the harm to DECEDENT.

69. Defendant CITY is vicariously liable for the wrongful acts of Defendants LINFOOT and DOE OFFICERS.

70. The conduct of LINFOOT and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

71. As a result of their misconduct, Defendants LINFOOT and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral

participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

72. Plaintiffs seek wrongful death damages under this claim in their individual capacities. Plaintiffs also seek survival damages as ssuccessors-in-interest to DECEDENT.

## SEVENTH CLAIM FOR RELIEF

**Battery**

(wrongful death)

(Against Defendants CITY and LINFOOT)

73. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74. LINFOOT, while working as a police officer for the Eureka Police Department, and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of LINFOOT, DECEDENT suffered severe pain and suffering and ultimately died from his injuries. LINFOOT had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a police officer was an unreasonable and nonprivileged use of force.

75. As a direct and proximate result of the conduct of LINFOOT as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity. As a direct and proximate result of the conduct of LINFOOT as alleged above, DECEDENT suffered survival damages.

76. The CITY is vicariously liable for the wrongful acts of Defendants LINFOOT.

77. The conduct of LINFOOT was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and

DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendant LINFOOT.

78. Plaintiffs seek wrongful death damages under this claim in their individual capacities. Plaintiffs also seek survival damages as successors-in-interest to DECEDENT.

## EIGHTH CLAIM FOR RELIEF

**Negligence**

(wrongful death)

(Against all Defendants)

79. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

81. Defendants LINFOOT and DOES 1-10 breached this duty of care. The actions and inactions of Defendants LINFOOT and DOES 1-10 were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d) the failure to provide prompt medical care to DECEDENT;

(e) the failure to properly train and supervise employees, both professional and non-professional, including LINFOOT and DOE OFFICERS;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g) the negligent handling of evidence and witnesses; and

(h) the negligent communication of information during the incident.

82. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

83. The CITY is vicariously liable for the wrongful acts of Defendants LINFOOT and DOES 1-10.

84. Plaintiffs seek wrongful death damages under this claim in their individual capacities. Plaintiffs also seek survival damages as successors-in-interest to DECEDENT.

## NINTH CLAIM FOR RELIEF

**(Violation of Cal. Civil Code § 52.1)**

(Against all Defendants)

85. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 84 of her Complaint with the same force and effect as if fully set forth herein.

86. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

87. On information and belief, Defendants LINFOOT and DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying her necessary medical care.

88. When Defendants shot DECEDENT and allowed him to lie bleeding on the pavement, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

89. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent her from exercising such rights, which they were fully entitled to enjoy.

90. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants LINFOOT and DOE OFFICERS were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

91. Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiff.

92. The conduct of Defendants LINFOOT and DOE OFFICERS was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

93. The CITY is vicariously liable for the wrongful acts of Defendants LINFOOT and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

94. Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

95. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants LINFOOT and DOE OFFICERS.

96. Plaintiffs seek wrongful death damages under this claim in their individual capacities. Plaintiffs also seek survival damages as successors-in-interest to DECEDENT.

97. Plaintiffs seek attorney's fees under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants City of Eureka, Stephen Linfoot, and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable attorneys' fees, including litigation expenses;

F. For costs of suit; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: Mav 7. 2015 LAW OFFICES OF DALE K. GALIPO

Bv___________________/s/___________________
Dale K. Galipo
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: Mav 7. 2015 LAW OFFICES OF DALE K. GALIPO

By ____________________/s/____________________
Dale K. Galipo
Attorneys for Plaintiffs