UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEANNE BARRAGAN, et al.,

    Plaintiffs,

v.

CITY OF EUREKA, et al.,

    Defendants.

Case No. 15-cv-02070-WHO

**ORDER ON MOTIONS IN LIMINE**

At the pretrial conference on October 11, 2016, I heard argument on the parties' motions in limine. My rulings follow.

## MOTIONS IN LIMINE

### A. Plaintiffs' Motions In Limine

#### 1. MIL 1 – Exclude Reference to Decedent's Consumption of Alcohol and Toxicology Report

As both parties acknowledge under *Graham v. Connor*, 490 U.S. 386 (1989), whether an officer's use of force was "reasonable" depends up the facts and circumstances known to the officer at the time of the use of force. *Id.* at 396. Facts unknown to an officer, for example here that McClain was intoxicated, are not relevant to the question of reasonableness. *See, e.g., Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013) (fact that decedent was intoxicated was not known or suspected by responding officers and, therefore, irrelevant under *Graham*). However, where the conduct of the decedent is in dispute, facts regarding the decedent that are unknown to the officers may support the credibility of a witness's testimony or strengthen that testimony. *See Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) ("police assertions that [decedent] was acting erratically, taunting police and goading them to shoot him

instead of following police commands, is made more probable by [decedent's] earlier statements to Oakland police, as well as evidence that he was on drugs at the time.").

The defense argues that because McClain's conduct is in dispute (whether he reached for the gun, despite being told that if he did he would be shot), evidence that defendant may have been intoxicated supports the officers' version of the events (only someone intoxicated or otherwise impaired would reach for a replica gun despite having been warned that he would be shot if he did so).

Plaintiffs oppose, arguing that because Officer Linfoot did not have an understanding that McClain was intoxicated, the evidence is irrelevant. Plaintiffs also argue that evidence regarding consumption of alcohol is highly prejudicial under Rule 403, and the defense cannot utilize the toxicology report because they have failed to designate an expert to speak to the impact of alcohol on McClain's (or anyone else's) actions.[1]

However, because the actions of McClain are in dispute and because evidence of his consumption of alcohol could corroborate the officers' version of events, the motion in limine is DENIED. *See, e.g., Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) ("where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible."); *Castro v. Cty. of Los Angeles*, No. 213CV06631CASSSX, 2015 WL 4694070, at *5 (C.D. Cal. Aug. 3, 2015) ("evidence of decedent's intoxication may be admissible to corroborate Sergeant Partida's version of events, since decedent's pre-shooting conduct is disputed."); *Turner v. Cty. of Kern*, No. 1:11-CV-1366 AWI SKO, 2014 WL 560834, at *3 (E.D. Cal. Feb. 13, 2014) (same).

The permissible evidence, however, is limited to percipient witness testimony regarding the amount and types of drinks McClain consumed that night and introduction of, but no testimony about, the toxicology report. Moreover, a limiting instruction will be given instructing that this evidence is not relevant to the reasonableness of the officers' use of force under the

---

[1] Plaintiffs agree that if I am inclined to allow in toxicology evidence, then evidence of McClain's hearing impairment – discussed in defendant's MIL 12 below – should likewise come in because that evidence corroborates plaintiffs' theory about McClain's actions prior to the shooting.

2

totality of the circumstances inquiry, and may only be considered as supporting or undermining testimony regarding McClain's actions immediately prior to the shooting.

### 2. MIL 2 – Exclude Reference to Criminal History of Plaintiff Lance McClain

GRANTED. There is limited, if any relevance, to the criminal history of McClain's father as grounds for impeachment and that evidence would be highly prejudicial.

### 3. MIL 3- Exclude Reference to Information Not Known by Officer Linfoot

#### a. Other Officers' Observations of McClain Handling the Replica Gun and McClain's Interaction with the Driver of the Pickup Truck

DENIED. Information regarding other officers' observations is relevant to the reasonableness of the tactics employed to detain McClain at the scene and explain why other officers responded the way they did. When Linfoot arrived on the scene, he observed these tactics and employed some of them himself. These facts are also relevant to the negligence and wrongful death claims under California law.

#### b. McClain's Tattoos

GRANTED, except for tattoos shown in otherwise admissible autopsy photographs.

#### c. Items Found on McClain and in His Home After the Shooting

GRANTED. The brass knuckles and glass pipe found in McClain's pocket (as well as the drug paraphernalia found in McClain's room) are not relevant to the reasonableness of or the circumstances surrounding the shooting. Additionally, the limited relevance (if any) is outweighed by the prejudice under Rule 403.

### 4. MIL 4 – Exclude Trajectory Diagrams, Pictures, and Video Created by Alexander Jason

DENIED. Plaintiffs' complaints about Jason's report are more appropriately the subject of cross-examination. However, I am not deciding now whether any particular diagram or pictures prepared by Jason (which have not be submitted for my review) should be admitted into evidence or are more appropriately utilized as demonstratives. That will be addressed at trial.

### 5. MIL 5 – Exclude Reference to Humboldt DA's Finding That the Shooting was Justified

GRANTED, as long as plaintiffs make no reference to: (i) the DA's investigation; (ii) that

Linfoot was not disciplined; or (iii) that Linfoot was represented when interviewed in connection with the investigation into the shooting.

### 6. MIL 6 – Exclude Reference to Eureka Police Department's Finding That the Shooting was Justified

GRANTED, as long as plaintiffs' expert does not testify to "out of policy tactics" *other* than testimony regarding the commands given to McClain.

## B. Defendant's Motions In Limine

### 1. MIL 1 – Exclude Reference to Insurance/Indemnification

GRANTED.

### 2. MIL 2 – Exclude Reference to Offers to Settle

GRANTED.

### 3. MIL 3 – Exclude Testimony that Shooting Was Unreasonable Because Gun Was a Replica

DENIED. Plaintiffs are allowed to introduce evidence that McClain's gun was a replica.

### 4. MIL 4 – Exclude Testimony That the Scope and Manner of the Detention and Arrest Was Unreasonable.

DENIED. While plaintiffs do not have a stand-alone claim regarding this topic, the facts surrounding the manner of detention and arrest are relevant to the negligence and wrongful death claims under California law. A limiting instruction can be given that focuses the jury on the limited relevance of the testimony.

### 5. MIL 5 – Exclude References to Other Police Shootings and Notorious Incidents

DENIED. This general topic may be raised in voir dire and in argument, as long as it is not a central focus and as long as no specific incidents are identified or mentioned by name.

### 6. MIL 6 – Exclude Arguments and Inferences for "Political Effect"

GRANTED.

### 7. MIL 7 – Exclude Testimony That Shooting Was a "Murder"

DENIED. If a lay witness uses the term "murder," I will consider a limiting instruction to clarify the difference between the colloquial and legal uses of the term.

**8. MIL 8 – Exclude Expert or Other Testimony that the Eureka Police Department has a Custom and Practice of Unconstitutional Use of Deadly Force**

GRANTED.

**9. MIL 9 – Exclude Testimony that Officer Linfoot Should Have Issued a Warning Before Shooting**

DENIED. This is part of the totality of the circumstances to be decided by jury, and the jury gets to decide whether a warning from Linfoot was feasible under the circumstances.

**10. MIL 10 – Exclude Testimony Regarding the Actual Content of the Audio Recording**

GRANTED. In general, the jury will decide what is said on the audio recording.

### a. Lay Witnesses

However, the audio recording can be used to refresh a lay witness's recollection and lay witnesses may testify whether the recording reflects what they believed they heard at the time.

### b. Expert

Plaintiffs' expert, Roger Clark, cannot testify as to what is heard on the tape. However, Clark may testify in response to hypotheticals regarding commands given by officers on the scene.

**11. MIL 11 – Exclude Testimony Regarding Post-Shooing Tasing of McClain's Cousin**

GRANTED.

**12. MIL 12 – Exclude Testimony that McClain Has a Hearing Impairment**

DENIED. Consistent with the discussion regarding evidence of alcohol consumption and intoxication, testimony regarding McClain's hearing impairment is relevant to corroborate plaintiffs' theory of McClain's actions prior to the shooting. A limiting instruction will be given instructing that this evidence is not relevant to the reasonableness of the officers' use of force under the totality of the circumstances inquiry, and may only be considered as supporting or undermining testimony regarding McClain's actions immediately prior to the shooting.

**13. MIL 13 – Exclude References to the Fact that Defendants Were Not Responding to a More Serious Crime/Other Situation**

DENIED.

**14. MIL 14 - Exclude testimony that Linfoot was Required to Use Least Intrusive Alternative to Effectuate Arrest**

GRANTED to extent plaintiffs cannot offer expert testimony that the least intrusive force was required as a matter of law, but DENIED to the extent plaintiffs may offer testimony that other alternatives were more reasonable under the circumstances.

**IT IS SO ORDERED**.

Dated: October 19, 2016



WILLIAM H. ORRICK
United States District Judge