United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE MCCLAIN; and JEANNE BARRAGAN, individually and as successors in interest to Thomas McClain,<br>Plaintiffs,<br>v.<br>CITY OF EUREKA; STEPHEN LINFOOT, and DOES 1-10, inclusive,<br>Defendants. | Case No. 15-cv-02070-WHO<br><br>**FINAL JURY INSTRUCTIONS** |

**JURY INSTRUCTION NO. 1 - DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2 - WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3 - EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 4 - BURDEN OF PROOF**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5 - DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Direct evidence is direct proof of a fact, such as testimony by a witness about what a witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**JURY INSTRUCTION NO. 6 - CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7 - SECTION 1983 CLAIM**

The plaintiffs bring a federal claim for excessive force in violation of the Fourth Amendment under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 8 - FOURTH AMENDMENT ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their Fourth Amendment claim against Linfoot, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Linfoot acted under color of law; and

2. The act(s) of Linfoot deprived Thomas McClain of his particular rights under the laws of the United States or the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the Linfoot acted under color of law.

If you find the Plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all of the additional elements that they are required to prove under later instructions, as to a particular claim your verdict should be for the plaintiffs as to that claim. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements as to a particular claim, your verdict should be for Linfoot as to that claim.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9 - CAUSATION**

In order to establish that the acts or failure to act of Linfoot deprived Thomas McClain and Plaintiffs of their particular rights under the United States Constitution as explained in later instructions, Plaintiffs must prove by a preponderance of the evidence that the acts or failure to act was or were so closely related to deprivation of decedent's or plaintiffs' rights as to be the moving force that caused the ultimate injury.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10 - FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE DEADLY FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others. Therefore, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the officer used excessive force when he shot Thomas McClain.

Under the Fourth Amendment, a police officer may only use such force as is “objectively reasonable” under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although facts not known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Linfoot used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. the nature of the crime or other circumstances known to the officer at the time force was applied;

2. whether Thomas McClain  posed an immediate threat to the safety of the officers or to others;

3. whether Thomas McClain was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and  any changing circumstances during that period;

5. the type and amount of force used;

6. the availability of alternative methods to take Thomas McClain into custody;

7. the number of lives at risk (police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

8. whether it was practical for Linfoot to give a warning of the imminent use of force, and whether such warning was given;

9. other factors particular to the case.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11 - BATTERY - UNREASONABLE FORCE**

Plaintiffs claim that Linfoot harmed Thomas McClain by using unreasonable force during their encounter. To establish this claim of battery, plaintiffs must prove all of the following:

1. That Linfoot intentionally shot Thomas McClain;
2. That Linfoot used unreasonable force during the encounter;
3. That Thomas McClain did not consent to the use of that force;
4. That Thomas McClain was harmed;
5. That Linfoot's use of unreasonable force was a substantial factor in causing Thomas McClain's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Linfoot used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Linfoot's position under the same or similar circumstances. You should consider, among other factors, the following:

(a) The seriousness of the crime at issue;

(b) Whether Thomas McClain reasonable appeared to pose an immediate threat to the safety of Linfoot or others; and

(c) Whether Thomas McClain was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make a detention is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being detained.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12 – NEGLIGENCE**

Plaintiffs claim that Thomas McClain was harmed by Linfoot's negligence. To establish this claim, Plaintiffs must prove all of the following:

1. That Linfoot was negligent;
2. That Thomas McClain was harmed; and
3. That Linfoot's negligence was a substantial factor in causing Thomas McClain's death.

United States District Court
Northern District of California

**INSTRUCTION NO. 13 - BASIC STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A police officer can be negligent by acting or by failing to act. A police officer is negligent if he or she does something that a reasonably careful police officer would not do in the same situation or fails to do something that a reasonably careful police officer would do in the same situation.

You must decide how a reasonably careful police officer would have acted in Linfoot's situation.

United States District Court
Northern District of California

**JURY INSTRUCTION 14 - NEGLIGENCE - UNREASONABLE FORCE**

A law enforcement officer may use reasonable force to detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime. However, the officer may use only that degree of force necessary to accomplish the detention.

Plaintiffs claim that Linfoot used unreasonable force in detaining Thomas McClain. To establish this claim, Plaintiffs must prove all of the following:

1. That Linfoot used force in detaining Thomas McClain;

2. That the amount of force used by Linfoot was unreasonable;

3. That Thomas McClain was harmed; and

4. That Linfoot's use of unreasonable force was a substantial factor in causing Thomas McClain's harm.

In deciding whether Linfoot used unreasonable force, you must consider all of the circumstances of the detention and determine what force a reasonable police officer in Linfoot's position would have used under the same or similar circumstances. Among the factors to be considered are the following:

(a) Whether Thomas McClain reasonably appeared to pose an immediate threat to the safety of Linfoot or others;

(b) The seriousness of the crime at issue;

(c) Whether Thomas McClain was actively resisting detention or attempting to avoid detention by flight; and

(d) Linfoot's tactical conduct and decisions before using deadly force on Thomas McClain.

**JURY INSTRUCTION NO. 15 - SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 16 - CAUSATION: MULTIPLE CAUSES**

A person's negligence may combine with another factor to cause harm. If you find that Linfoot's negligence was a substantial factor in causing Thomas McClain's harm, then Linfoot is responsible for the harm. Linfoot cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Thomas McClain's harm

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 17 - COMPARATIVE FAULT**

Linfoot claims that Thomas McClain's own negligence contributed to his death. To succeed on this claim, Linfoot must prove both of the following:

1. That Thomas McClain was negligent; and
2. That Thomas McClain's negligence was a substantial factor in causing his death.

If Linfoot proves the above, the damages of Plaintiffs are reduced by your determination of the percentage of Thomas McClain's responsibility. I will calculate the actual reduction.

**JURY INSTRUCTION NO. 18 - VICARIOUS LIABILITY**

The following instruction applies to Plaintiffs' claims for battery and negligence claims. The City of Eureka is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19 - BATTERY AND NEGLIGENCE DAMAGES**

If you decide that Plaintiffs have proved their claim against Linfoot for the death of Thomas McClain, you also must decide how much money will reasonably compensate Plaintiffs for the death of Thomas McClain. This compensation is called “damages.”

Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages claimed by Plaintiffs fall into two categories called economic damages and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

Plaintiffs claim as economic damages:

1. Funeral and burial expenses.

Plaintiffs also claim the following noneconomic damages:

1. The loss of Thomas McClain’s love, companionship, comfort, care, assistance, protection, affection, society, moral support

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining Plaintiffs’ loss, do not consider:

1. Plaintiffs’ grief, sorrow, or mental anguish;

2. Thomas McClain’s pain and suffering; or

3. The poverty or wealth of Plaintiffs.

In computing these damages, consider the losses suffered by Jeanne Barragan and Lance McClain and return a verdict of a single amount for them. Then apportion the single amount as instructed in the Verdict Form.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 20 - FOURTH AMENDMENT DAMAGES**

If you find excessive force under the Fourth Amendment, the plaintiffs are entitled to the survival damages of Thomas McClain. You should consider the following:

1. The nature and extent of Thomas McClain's injuries;
2. The loss of enjoyment of life experienced;
3. The mental, physical, and emotional pain and suffering experienced prior to death.

**JURY INSTRUCTION NO. 21 - DELIBERATIONS**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22 - CONSIDERATION OF EVIDENCE**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 23 - COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

United States District Court
Northern District of California

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24 - RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.